Green, J.
delivered the opinion of the court.
In this case, the negro in controversy, being part of a legacy left complainant by her father, was reduced into possession, during her coverture, by the defendant as assignee of her husband. The assignment, by the husband, was for a valuable consideration, without any pretence of fraud as to him, and, to say the least, vested the assignee with all the rights which the husband possessed.
Had the husband, by agreement with the other legatees, made a division of the estate, and received this negro as his part of the estate, there is no doubt, but that such division would have been legal, and would have vested in the legatees an exclusive right to the portion allotted to each. It is true, had any of the legatees refused to consent to a division; it could not have been procured but by application to a court of chancery. In such case, before the husband, or his as-signee could have obtained the complainant’s portion of the estate, the chancellor would have made a suitable provision for her. 2 Story’s Eq. § 1403, et seq.
This was, formerly, as far as the courts would go in favor of a wife’s equity for a settlement out of her equitable interests. But it is now settled, that, whenever she is entitled to such settlement against her husband or his assignees, she may assert it by bringing her bill to enjoin the husband or his as-signee from reducing such property to possession, until provision shall be made for her. So that there is no distinction founded upon the mere consideration — who is plaintiff on the record. 2 Story’s Eq. § 1413; Clancy on Rights, 471 to 475.
But no case has ever gone so far as to entertain a bill, by the wife, for this purpose, after the property has been reduced into possession by the husband or his assignee. This would be attended with infinite embarrassment and mischief. If it could be done at all, it might be done years after the pos *560 session had been acquired, when the character and value of the property may have greatly changed; and after the wife seeking this relief, had contributed to consume the consideration which the assignee had given her husband for her estate.
.Note. Perhaps, chancery ought, on just principles, to restrain the husband from availing himself of any means, either at law or equity, of possessing himself of the wife's personal property in action, unless he make a competent provision, . . Chancery will restrain the husband from proceeding in the ecclesiastical courts for the recovery of the wife’s legacy, until a provision is made for her; and upon that doctrine a suit at law for a legacy or distributive ship-e, ought equally to be restrained, for such rights in action are of an equitable nature, and properly of equitable cognizance. . : If the husband can acquire possession of his wife’s property without a suit at law or in equity, — or* by a suit at law without the aid of chancery, — except, perhaps as to legacies, and portions by will, or inheritance, as has already been suggested, — the husband will not be disturbed in the exercise of that right. 2 Kent’s Com. 139 tó 142, 3d ed*
We therefore think that the complainant is not entitled to the negro in controversy, by way of settlement to her separate use. It is stated in the bill, that the negro does not constitute the entire legacy, to which the defendant claims title, under the assignment; and that a portion of complainant’s part of her father’s estate, remains to be reduced to possession. But the defendant, in his answer, disclaims any right to receive any thing further under the assignment, and alledges, that he has received the negro in question as his entire share. Upon this subject there is no- testimony, so that, in this suit, no decree can be made respecting it.
Let the decree be reversed-, and the bill dismissed with costs.